IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-03286-RM-SKC

PENSFORD FINANCIAL GROUP, LLC,

    Plaintiff,

v.

303 SOFTWARE, INC.,
MATTHEW JAFFE, and
DAMON DELGADO,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's motion to dismiss Defendant 303 Software, Inc.'s counterclaims (ECF No. 34). The motion has been fully briefed. (ECF Nos. 35, 37.) The Court grants the motion for the reasons below.

## I.     LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint (or counterclaim), view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmoving party's favor. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to

relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the party has not "nudged [its] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

## II.  BACKGROUND

For present purposes, the Court accepts the allegations in Defendant 303 Software's counterclaims as true. Defendant 303 Software entered into two agreements with Plaintiff, a Master Services Agreement ("MSA") and a Statement of Work ("First SOW"). The purpose of the agreements was for Defendant 303 Software to develop software that would allow Plaintiff's clients a way to manage efficiently their commercial loan portfolios. In the First SOW, the development phase of the project was estimated to take 3,460 hours. The First SOW provides, in pertinent part, that "[i]n the event the Development Phase is concluded and 303 Software has expended more than 3,460 total hours related to the Development Phase as approved in a Change Order or other writing executed by the parties after the conclusion of [first] phase, 303 Software will invoice [Plaintiff] for the additional hours at the rate set forth herein." (ECF No. 31 at 24, ¶ 11.)

When Defendant 303 Software accrued 3,460 billable hours of work performed pursuant to the First SOW, it "approached [Plaintiff] to discuss the additional hours needed to complete work related to the First SOW" while continuing to perform work on the project. (*Id.* at 25, ¶ 17.) Plaintiff refused Defendant 303 Software's request for payment for 1,027.17 hours of additional work and has received no deliverables from Defendant 303 Software.

In December 2018, Plaintiff brought this lawsuit, asserting eight causes of action against Defendants. This Court granted Defendants' motion to dismiss the claim brought under the Colorado Consumer Protection Act, but seven claims remain in the case. Defendant 303 Software asserts two counterclaims against Plaintiff for breach of the implied covenant of good faith and fair dealing and unjust enrichment. Plaintiff contends that both counterclaims should be dismissed. The parties agree that Colorado law applies.

## III.    DISCUSSION

### A.    Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff argues that the counterclaim for breach of the implied covenant of good faith and fair dealing fails because there is no provision in the MSA or First SOW giving Plaintiff sole discretion as to its performance and because Defendant 303 Software did not adequately allege Plaintiff deprived it of its reasonably expected benefits under either contract. The Court agrees.

"The good faith performance doctrine is generally used to effectuate the intentions of the parties or to honor their reasonable expectations." *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). The duty of good faith and fair dealing applies when one party to a contract "has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *ADT Sec. Servs., Inc. v. Premier Home Prot., Inc.*, 181 P.3d 288, 293 (Colo. App. 2007).

"[T]he implied covenant of good faith and fair dealing is breached when a party uses discretion conferred by the contact to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract." *Id.*

Defendant 303 Software asserts that Plaintiff breached the implied covenant "by refusing to agree to pay 303 Software for hours expended pursuant to the First SOW beyond the estimate contained in the First SOW." (ECF No. 31 at 26, ¶ 29.) However, Defendant 303 Software fails to identify any discretionary contractual provision that would support a claim. The First SOW clearly contemplates that changes to the project during the development phase would be mutually negotiated and agreed to by the parties: "All scope updates, reductions, and/or additions to the Development Phase, must be formally approved, in writing, by [Pensford] and [303 Software]." (*Id.* at 22, ¶ 4.) This is not a case where either party had discretion to unilaterally modify the terms of the agreement between them. *Cf. Amoco Oil Co.*, 908 P.2d at 499 ("Under the agreements, Amoco retained discretion to modify the monthly rental amount.").

Nor has Defendant 303 Software established that it had a reasonable expectation to be paid for work beyond the estimated 3,460 hours that Plaintiff did not approve, in writing, beforehand. Again, the First SOW states that any additional work during the development phase had to be "formally approved, in writing," by the parties. (*Id.* at 22, ¶ 4.) Defendant 303 Software does not allege that the process described in the First SOW for updating, reducing, or adding to the development phase was followed or that it invoiced Plaintiff for the additional work it performed. Instead, it alleges that it continued to work on the project while discussions about additional hours were ongoing. The allegations do not establish that Plaintiff acted dishonestly or outside of accepted commercial practices by refusing to pay for additional hours

of work that were not "approved in a Change Order or other writing executed by the parties," as stated in the First SOW. (*Id.* at 24, ¶ 11.) Moreover, the Court rejects Defendant 303 Software's conclusory assertion that it would not have entered a contractual relationship with Plaintiff had it known that Plaintiff would refuse to pay for work beyond estimated number of hours.

Accordingly, Plaintiff is entitled to dismissal of this counterclaim.

**B.     Unjust Enrichment**

Plaintiff argues that the unjust enrichment counterclaim fails because Defendant 303 Software has withheld all deliverables for the project, and therefore Plaintiff has not received a benefit from its work, and "it would not be unjust for [Plaintiff] to obtain the full Deliverables from this project without additional payment." (ECF No. 34 at 13.) The Court agrees the claim is subject to dismissal.

To state a claim for unjust enrichment, Defendant 303 Software needed to allege facts establishing that at its expense, Plaintiff received a benefit under circumstances that would make it unjust for Plaintiff to retain the benefit without paying. *See Martinez v. Colo. Dep't of Human Servs.*, 97 P.3d 152, 159 (Colo. App. 2003). "Unjust enrichment is a judicially created remedy designed to avoid benefit to one to the unfair detriment of another." *Id.*

Defendant 303 Software concedes that Plaintiff has not received a benefit from its work. This alone defeats the counterclaim.

The Court also concludes that Defendant 303 Software has not alleged circumstances showing that Plaintiff's refusal to pay for additional work would be unjust. As discussed above, Defendant 303 Software has not shown that it could reasonably expect payment for work that

5

was not formally approved via the process contemplated in the First SOW. For the same reason, the Court finds it is not unjust for Plaintiff to refuse to pay for such work.

Further, unjust enrichment is an equitable remedy designed for circumstances in which other remedies are unavailable. *See W. Ridge Group, LLC v. First Trust Co. of Onaga*, No. 09-1358, 211 WL 635567, at *7 (10th Cir. Feb. 23, 2011) (unpublished). It is not available where, as here, it is not disputed that a contract exists between the parties and the underlying dispute hinges on that contractual relationship.

Therefore, Plaintiff is entitled to dismissal of this counterclaim as well.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss (ECF No. 34) is GRANTED.

DATED this 23rd day of January, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge